IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NATIONAL PUBLIC RADIO, INC.**<br>1111 North Capitol Street, NE<br>Washington, DC  20002<br><br>and<br><br>**SYDNEY LUPKIN**<br>c/o National Public Radio, Inc.<br>1111 North Capitol Street, NE<br>Washington, DC  20002<br><br>                Plaintiffs,<br><br>v.<br><br>**UNITED STATES DEPARTMENT OF**<br>**HEALTH AND HUMAN SERVICES**<br>200 Independence Avenue, S.W.<br>Washington, DC 20201<br><br><br>                Defendant. | Case No: |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF FOR VIOLATION OF THE FREEDOM OF INFORMATION ACT

      Plaintiffs National Public Radio, Inc. and Sydney Lupkin (collectively, "NPR"), by their undersigned attorneys, allege as follows:

### Background

      1.     NPR brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, to obtain records from the U.S. Department of Health & Human Services ("HHS") related to the government's efforts to manage the development and distribution of vaccines for COVID-19.

2.     Defendant HHS, through its component, the Biomedical Advanced Research and Development Authority ("BARDA"), has been responsible for procuring medicines and vaccines for COVID-19 during the pandemic.  NPR's FOIA requests (the "Requests") seek the weekly reports generated by BARDA's COVID-19 Incident Management Team ("IMT"), which contain factual information about the status of the pandemic and the government's response.

3.     NPR submitted the first request on October 15, 2020.  The first request covers records from the time period September 1, 2020 to October 15, 2020.  HHS improperly denied NPR's request on April 21, 2021, citing FOIA Exemptions (b)(4) and (b)(5).  NPR timely appealed on June 21, 2021.  To date, the agency has not delivered a final determination on NPR's appeal.  It has now been more than three months since NPR submitted its appeal, and nearly a year since NPR submitted the first FOIA request.

4.     NPR submitted the second request on March 26, 2021.  The second request covers records from the time period November 1, 2020 to December 31, 2020. HHS acknowledged the request but still has not issued a final determination.  It has now been more than seven months since NPR submitted the second request.

5.     The Freedom of Information Act "focuses on the citizens' right to be informed about 'what their government is up to,'" by requiring the release of "[o]fficial information that sheds light on an agency's performance of its statutory duties."  *DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 750, 773 (1989) (citation omitted).  "[D]isclosure, not secrecy, is the dominant objective" of FOIA.  *Dept't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (internal quotation marks and citations omitted).  NPR plays a critical role in providing information to citizens about "what their government is up to." Indeed, the First Amendment's guarantee of freedom of the press is meant to enable journalists

to play an "essential role in our democracy," to "bare the secrets of government and inform the people." *New York Times. Co. v. United States*, 403 U.S. 713, 717 (1971) (Black, J. concurring).

6.      Through its FOIA Requests, NPR seeks to fulfill its journalistic function and to shine a public light on the operations of HHS and its response to COVID-19.

### Parties

7.      Plaintiff National Public Radio, Inc. is a non-profit multimedia organization and the leading provider of non-commercial news, information, and entertainment programming to the American public.   NPR's fact-based, independent journalism helps the public stay on top of breaking news, follow the most critical stories of the day, and track complex issues over the long term.   NPR reaches approximately 53 million people on broadcast radio, podcasts, NPR apps, NPR.org and YouTube video content per month.   NPR distributes its radio broadcasts through more than 1,000 non-commercial, independently operated radio stations, licensed to more than 250 NPR members and numerous other NPR-affiliated entities.

8.      Plaintiff Sydney Lupkin is a resident and citizen of the District of Columbia, and a distinguished journalist who works as the pharmaceuticals correspondent for NPR.   Ms. Lupkin has reported on the pharmaceutical industry for years.   Her work has won the National Press Club's Joan M. Friedenberg Online Journalism Award, the National Institute for Health Care Management's Digital Media Award and a health reporting award from the Society for Advancing Business Editing and Writing.

9.      Defendant U.S. Department of Health and Human Services ("HHS") is a Cabinet-level department of the Executive branch of the Federal government that was created to protect the health of all Americans.   Accordingly, HHS is a federal agency subject to FOIA.   Upon information and belief, HHS has possession and control of the records sought by the Request.

**Jurisdiction and Venue**

10.    This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B).  This Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a) and 2202.

11.    Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

**Facts**

*The First Request*

12.    On October 15, 2020, NPR submitted a FOIA request to HHS for the COVID-19 Incident Management Team ("IMT") Weekly Reports generated by its component, the Biomedical Advanced Research and Development Authority ("BARDA")[1] for the time period of September 1, 2020 to October 15, 2020.  Attached as Exhibit A is a copy of the first Request.

13.    Although HHS acknowledged receipt of NPR's Request on October 28, 2020, and noted the Request was eligible for expedited processing, it did not provide a final response until April 21, 2021, six months later (the "Response").  In its Response, HHS said that to date, BARDA had located 47 pages of responsive records; HHS determined all 47 pages were to be withheld under Exemptions (b)(4) (the exemption for trade secrets and privileged commercial or financial information) and (b)(5) (the deliberative process privilege) of the FOIA.  Attached as Exhibit B is a copy of the acknowledgement of the Request and attached as Exhibit C is a copy of the Response.

14.    NPR timely appealed the Response on June 14, 2021 (the "Appeal").  Attached as Exhibit D is a copy of the Appeal letter.  To date, NPR has not received a determination on the Appeal from HHS.

---

[1] https://www.phe.gov/about/barda/Pages/default.aspx

4

15.    In its Appeal, NPR noted that the IMT Weekly Reports cannot be considered a "trade secret" or "commercial" information because these reports summarize *activities within the government* involved in the effort to produce vaccines and therapies for COVID-19" and thus do not "actually reveal basic commercial operations . . . or relate to the income-producing aspects of a business," nor do they have "intrinsic commercial value" that would be "compromised by . . . disclosure."  Ex. D at 2 (emphasis added).  Moreover, the IMT Reports were not being obtained from a "person" outside the government, nor was the data contained in the reports financial information that was "customarily and actually treated as private by its owner" and provided to the government based on that assurance. *Id.* at 3.

16.    Additionally, in the Appeal, NPR noted that the government had not met its burden under the narrow deliberative process privilege exception as the BARDA IMT Weekly Reports are post-decisional and, upon information and belief, are not recommendations or opinions, but rather summaries of the ongoing progress in response to COVID-19.  *Id.* at 3-4.

17.    The FOIA requires a government agency to respond to a party making a FOIA appeal within 20 working days.  *See* 5 U.S.C. § 552(a)(6)(A)(ii).

18.    Accordingly, because NPR submitted the Appeal on June 14, 2021, HHS was required to issue a determination on the Appeal by July 12, 2021.  By failing to do so, HHS has violated the FOIA, and NPR is deemed to have exhausted its administrative remedies with respect to this FOIA request.  *See* 5 U.S.C. § 552(a)(6)(C)(i).

19.    As of the filing of this Complaint, almost a year has elapsed since NPR made its Request to HHS, and several months have passed since the Appeal was sent.  Because HHS's response to the Request is clearly mistaken, and the agency has entirely failed to respond to

NPR's Appeal, HHS has violated the FOIA.

*The Second Request*

20.    On March 26, 2021, NPR submitted a second FOIA request, this time seeking BARDA's IMT reports produced during the time period from November 1, 2020 to December 31, 2020. Attached as Exhibit E is a copy of the second Request.

21.    On March 26, 2021, HHS acknowledged NPR's second FOIA request and assigned it the tracking number 2021-00832-FOIA-OS.

22.    To date, NPR has heard nothing further from HHS regarding the second FOIA request.

23.    By failing to issue an initial determination on the second Request within 20 business days, HHS has violated the FOIA and NPR is deemed to have exhausted its administrated remedies with respect to the request.  *See* 5 U.S.C. § 552(a)(6)(C)(i).

## PLAINTIFFS' CLAIM FOR RELIEF

### COUNT I
### (Violation of the Freedom of Information Act)

24.    Plaintiffs repeat and re-allege paragraphs 1-23.

25.    NPR properly submitted a FOIA request for documents within HHS's possession and control — namely, copies of IMT Weekly Reports generated by BARDA for the time period of November 1, 2020 to December 31, 2020.  No FOIA exemptions apply to the requested records.

26.    HHS has violated FOIA by failing to release records responsive to plaintiffs' request.

27.    Accordingly, NPR is entitled to injunctive and declaratory relief requiring the immediate processing and disclosure of the requested records.

**Requested Relief**

WHEREFORE, Plaintiffs respectfully request that this Court:

(1)     Order Defendant to immediately process NPR's March 26, 2021 FOIA request

and disclose all non-exempt documents immediately to Plaintiffs;

(2)     Issue a declaration that NPR is entitled to immediate processing and disclosure of

the requested records;

(3)     Retain jurisdiction of this action to ensure no agency records are wrongfully

withheld;

(4)     Award Plaintiffs their costs and reasonable attorneys' fees in this action; and

(5)     Grant such other relief as the Court may deem just and proper.

Dated:  December 6, 2021                    Respectfully submitted,


*/s/ Courtney T. DeThomas*
Courtney T. DeThomas (D.C. Bar. No. 888304075)
DAVIS WRIGHT TREMAINE LLP
1301 K Street NW, Suite 500 East
Washington, D.C.  20005-3317
202-973-4200
courtneydethomas@dwt.com

Thomas R. Burke (*pro hac vice application forthcoming*)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, CA  94111
415-276-6500
thomasburke@dwt.com

Abigail Zeitlin (D.C. Bar No. 888314368)
  (*D.D.C. attorney admission application to be filed*)
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, Suite 2400
Los Angeles, CA  90017
213-633-8614
abigailzeitlin@dwt.com


*Counsel for Plaintiffs*